■ CHARLES ROSENBERG et al., as Executors of FISHER ROSENBERG, Deceased, et al., Appellants, v. 240 ATLANTIC INC., et al., Respondents.— In an action for the return of $6,000 alleged to have been advanced pursuant to a loan agreement, and $1,000 attorney's fees and expenses, a counterclaim was interposed for the return of $5,000 and a note which, it is alleged, was given to the lenders by the borrower. It is alleged in the complaint that the borrower breached the loan agreement. It is alleged in the counterclaim that such breach was by the lenders. The appeal is from a judgment entered after trial before the court, without a jury, dismissing the complaint and awarding $600 plus interest and costs on the counterclaim. The court found (1) that respondents had given $7,000 to appellants and had received back $6,000 as an advance on the loan, and (2) that $400 was the reasonable value of legal services incurred by appellants for the examination of title and the preparation of instruments. Judgment affirmed, with costs. A fair question of fact was resolved by the determination. Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: The payments by appellants to respondents and by respondents to appellants were concededly made pursuant to an agreement between the parties by the terms of which appellants were to loan money to the corporate respondent, the loan to be evidenced in its initial stage by a promissory note and when completed to be secured by a mortgage. Appellants

sued to recover money alleged to have been advanced and for the expense incurred in the examination of title of the property to be mortgaged, claiming that the corporate respondent had breached the agreement. Respondents counterclaimed for money alleged to have been advanced under the contract, asserting that appellants had failed and refused to perform their obligations thereunder. On a decision which merely found that respondents had advanced more money to appellants than appellants had advanced to respondents, the trial court awarded judgment to respondents in the amount which represented such excess payment, less the expense incurred by the appellants for legal services in connection with the agreements. Not only is such a judgment inconsistent with the pleadings, it obviously permitted a recovery by appellants of their legal expenses, and a recovery by respondents of what they had paid, over and above such expenses pursuant to the agreement. I am unable to determine the theory on which the judgment rests. No determination has been made as to whether the contract was breached by appellants or by respondents. It would seem that either appellants were entitled to recover, or respondents were. A party who has broken his contract is not in a position to recover what he has paid thereunder.